IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTOPHER ZEGGERT**, | Case No. 3:13-cv-00016-PK |
| Plaintiff, | **ORDER** |
| v. | |
| **SUMMIT STAINLESS STEEL, LLC**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on May 16, 2014. Dkt. 50. Judge Papak recommended that the Court grant the motion for summary judgment filed by Defendant Summit Stainless Steel, LLC ("Summit") as to the claim for intentional infliction of emotional distress ("IIED") alleged by Plaintiff Christopher Zeggert ("Zeggert"). Judge Papak also recommended that the Court deny as moot Summit's motion for summary judgment on Zeggert's workers' compensation retaliation claim brought pursuant to Or. Rev. Stat. §§ 659A.040 and 659A.885(3).

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendation, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Zeggert filed an objection to Judge Papak's recommendation on Zeggert's IIED claim and also filed a challenge to Judge Papak's nondispositive order, Dkt. 23, dated June 24, 2013. Dkt. 52. Regarding the IIED claim, Zeggert timely argues that the record evidence establishes that a reasonable jury could conclude that Summit's actions were both intentional and an extraordinary transgression of the bounds of socially tolerable behavior. The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Zeggert objects, as well as Zeggert's objections and Summit's response. The Court agrees with Judge Papak's reasoning granting Summit's motion for summary judgment on Zeggert's IIED claim. The Court further agrees that a finder of fact could not reasonably conclude that Summit's treatment of Zeggert was "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community,'" Dkt. 50 at 13 (quoting *Pakos v. Clark*, 235 Or. 113, 123 (1969)), and ADOPTS those portions of the Findings and Recommendation.

Regarding Zeggert's challenge to Judge Papak's June 24, 2013 nondispositive order denying Zeggert's motion to disqualify Summit's *pro hac vice* counsel in this matter, Dkt. 23, the Court finds that Zeggert's challenge is untimely. Federal Rule of Civil Procedure 72(a) ("Rule 72(a)") "provides that within ten days of being served with a copy of a magistrate judge's nondispositive order, a party may file objections to the order with the district judge to whom the

PAGE 2 – ORDER

case is assigned." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173-74 (9th Cir. 1996). "A party may not assign as error a defect in the order not timely objected to." Rule 72(a). The purpose of the rule is to prevent the "inefficient use of judicial resources" that would inevitably follow if district courts were required to "review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because Zeggert did not submit a timely objection, Judge Papak's order is now final. *See Simpson*, 77 F.3d at 1174 n.1. Further, having reviewed the legal principles *de novo*, the Court finds no error.

For those portions of a magistrate's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas*, 474 U.S. at 152 ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review *de novo* magistrate's findings and recommendation if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

PAGE 3 – ORDER

The Court **ADOPTS** Judge Papak's Findings and Recommendation, Dkt. 50. The Court **GRANTS** Summit's motion for summary judgment as to Zeggert's IIED claim, Dkt. 32. The Court **DENIES AS MOOT** Summit's motion for summary judgment on Zeggert's workers' compensation claim based on Zeggert's stipulation of withdrawal and abandonment of this claim, Dkt. 32. The Court **DISMISSES** this case with prejudice.

**IT IS SO ORDERED.**

DATED this 10th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge